```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MOSES RAMBARRAN and ROHAN             :
RAMBARRAN, on behalf of themselves and all  :
others similarly situated,            :
                                      :
                          Plaintiffs, :      14-cv-10138 (KBF)
                                      :
              -v-                     :
                                      :      MEMORANDUM
DYNAMIC AIRWAYS, LLC,                 :      OPINION & ORDER
                                      :
                          Defendant.  :
------------------------------------------------------------ X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: September 16, 2015

KATHERINE B. FORREST, District Judge:

Plaintiff seeks to compel defendant to produce "all documents and witnesses relating to all accommodation for any passenger for delay, including refunds, hotels, meals, taxi, etc." (ECF No. 44.) Because plaintiff's request is overbroad and unlikely to lead to the discovery of admissible evidence, it is hereby DENIED.

Plaintiff argues that documents on other passengers' accommodations is relevant to a potential defense under Article 19 of the Montreal Convention, which states that the carrier can "avoid liability by proving that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Convention for the Unification of Certain Rules for International Carriage by Air art. 19, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) ("Article 19"). Under Article 19, the carrier must prove that it took "all precautions that in sum are appropriate to the risk, i.e., measures reasonably available to defendant and reasonable calculated, in cumulation, to prevent the subject loss." Mfrs. Hanover

Trust Co. v. Alitalia Airlines, 429 F. Supp. 964, 967 (S.D.N.Y 1977). "The failure to take any particular precaution . . . does not necessarily prevent the carrier from relying on this defense; not every possible precaution must be taken." Palma v. Am. Airlines, 2010 WL 5140592 (S.D. Fla. 2010); see also Giannopoulos v. Iberia Lineas Aereas de Espana, 2012 WL 5499426 (N.D. Ill. 2012); Verdesca v. Am. Airlines, 2000 WL 1538704 (N.D. Tex. 2000).[1]

Article 19 does not warrant the broad inquiry into each passenger's accommodations because it is not relevant to whether defendant took available reasonable measures to "prevent the subject loss" – the loss to plaintiff. See Mfrs. Hanover Trust, 429 F. Supp. At 967.  In Lee v. American Airlines, 2004 WL 2624647 at *3-4 (N.D. Tex. 2004), for example, the court rejected the argument that "because American secured alternate transportation for between thirty and fifty passengers . . . . American should have secured similar alternate arrangements for Plaintiffs" and instead engaged in an individualized analysis of whether rebooking was feasible for the individual plaintiff.  In Helge Management, Inc. v. Delta Airlines, 2012 WL 2990728 at *4 (D. Mass. 2012), the court evaluated whether there were "feasible alternative flight accommodations to Moscow available" for the plaintiff.  Although the court also noted that "in fact, no passengers were rebooked to Moscow leaving that night," that fact was cited to demonstrate the lack of

---

[1] Neither case plaintiff cites in his August 7, 2015 letter is relevant.  Fuondjing v. Am. Airlines, 2011 WL 1375606 (D. Md. 2011) is about the applicability of Article 19, not about its reasonable accommodations clause.  Walczyk v. Rio, 496 F.3d 139, 169 (2d Cir. 2007) merely describes reasonable-person standards as "familiar," and is not an application of that standard in the Article 19 context.

available flights, not to compare accommodations between plaintiff and other passengers.  Id.  To the extent that there is some probative value, it is outweighed by the burden.  The Court further notes that plaintiff's counsel has previously indicated that he is in communication with other passengers and he may be able to seek evidence such as he seeks here from them directly.  (The Court is not stating whether such evidence could be relevant).

As the Court's July 27, 2015 opinion and order denying class certification noted, the issue of reasonable accommodations is "fraught with likely individualized issues."  (ECF No. 42, at 12.)  Having failed to submit passenger-specific evidence on defendant's passenger-specific accommodations at the class-certification stage, plaintiff now seeks it belatedly, after the relevance for such information has passed.

SO ORDERED.

Dated:     New York, New York
           September 16, 2015

                                         _____
                                         KATHERINE B. FORREST
                                         United States District Judge